UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CORRECTIONS,<br><br>    Defendant. | Case No. 19-cv-03166-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 1 |

Plaintiff, currently incarcerated at the California Health Care Facility in Stockton, California, commenced this action by filing a *pro se* "writ of replevin complaint." Docket No. 1.

His complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the court to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

The "writ of replevin complaint" filed in this action borders on the incomprehensible but appears to be an effort to set aside a fine that was imposed as part of the sentence in plaintiff's state court criminal case.[1] Plaintiff alleges that he was unaware of the fine at arraignment and that he

---

[1] This is just the latest in plaintiff's efforts to attack his 1999 criminal conviction and sentence. His original petition for writ of habeas corpus was dismissed as untimely filed in 2008.

nonetheless was held liable for unpaid fines. *Id.* at 2. He then alleges several nonsensical legal theories that appear to posit that he is real property, there should be a release of the lien on the real property (i.e., him), and different collateral should be used in place of him as some sort of bond. The allegations of the complaint make no sense. The deficient complaint is not made any more understandable by examination of the attachments to it, which consist of a copy of plaintiff's birth certificate and several forms (i.e., "affidavit of individual surety," "release of lien on real property," "release of personal property from escrow," "payment bond," "bid bond," and "performance bond").

The complaint is dismissed because it is legally frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 2, 2019

_____
SUSAN ILLSTON
United States District Judge

---

*See Harris v. Yates*, No. 07-cv-808 MHP. He next filed a "prayer for relief motion" that was construed to be a second or successive petition and dismissed in 2009. *See Harris v. People of the State of California*, No. 09-cv-2362 MHP. Several years later, he filed another petition for writ of habeas corpus that also was dismissed as an unauthorized second or successive petition in 2015. *See Harris v. Macomber*, No. 15-cv-3972 KAW. Last year, another "writ of replevin complaint" presenting essentially the same allegations as those in his present complaint, but against a different defendant/respondent, was dismissed. *See Harris v. Alameda County Superior Court*, No. 18-cv-3419 WHA.